IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DAVID EARL LITTLE                                                                                            PLAINTIFF

V.                                            No.  14-6071

RAY HOBBS, Director
Arkansas Department of Correction                                                                DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. §2254 (Doc. 1) filed May 8, 2014.  The Defendant filed a Response (Doc. 26) on July 11, 2014.  The Petitioner filed a Reply (ECF No. 14) on July 11, 2014 and the matter is ready for Report and Recommendation.

### I.  Background:

On November 4, 1999 the Petitioner was charged, by way of an Amended Felony Information, with Capital Murder, and Felony with a Firearm.  (ECF No. 13-1).  The Amended Information states that:

> Defendant is hereby put on notice that the state request sentencing in this cause pursuant to Ark, Stat. §16-90-120, against the peace and dignity of the State of Arkansas.  to wit:  Any person convicted of an offense which is classified by the laws of this state as a felony who employed any firearm of any character as a means of committing the felony, may be I (sic) the discretion of the sentencing court, subjected to an additional period of confinement in the state penitentiary for a period not to exceed fifteen (15) years, against the peach and dignity of the State of Arkansas. (Id., p. 6-7).

On November 11, 1999, petitioner, David Earl Little, pled guilty and was convicted of first-degree murder, using a firearm in the commission of a felony, and residential burglary.

Petitioner was sentenced to 20 years' imprisonment for the murder conviction, and 5 years' imprisonment for burglary which were imposed concurrently. He was sentenced to 15 years for committing a felony with a firearm which was imposed consecutively for a total term of 35 years imprisonment. (ECF No. 13-1, p. 3). The judgment form indicated that the "total time to serve on all offenses listed above: 480 months". (Id.)

The Petitioner's attorney wrote to the Arkansas Department of Correction in January 2000 asking that "would you please have whoever rides herd over parole eligibility date to look into Mr. Little's situation and either write me a letter of give me a call so that I can satisfy Mr. Little that he is going to do something substantially less than 28 years and that my rough figuring of this deal of between 15 and 16 -1/2 years with credit for the time he was in the Washington County Jail is at least in the ballpark." (Id., p. 7).

On September 19, 2006 the Petitioner filed a Petition for Declaratory Judgment/Petition for Writ of Mandamus (ECF No. 13-2) in the Circuit Court of Jefferson County. The Petition basically contends that the Arkansas Department of Corrections is not computing his parole eligibility date correctly because they are treating the Felon in Possession of a Firearm as an enhancement rather than a separate charge.

On November 3, 2006 the Circuit Court of Washington County issued an Amended Judgment which ran the Murder in the First Degree and the Felony with a Firearm consecutively and the Residential Burglary charge concurrently. It also noted that the total time on all offenses was 420 months.

On January 31, 2007 the Circuit Court of Jefferson County entered an Order dismissing the Petitioner's Petition for Declaratory Judgment and Petition for Writ of Mandamus. (ECF No.

13-4). In May 2008 the Petitioner's attorney wrote to the Petitioner and informed him that "According to Arkansas law, before you become eligible for parole you are required to serve 70% of the 20 year sentence you received for the offense of Murder in the First Degree. This amounts to a total of 14 years. Additionally, Arkansas law requires you to serve one-fourth (1/4) of the 15 years sentence you received for the charge of Felony with a Firearm. (ECF No. 2, p. 9).

Petitioner filed this petition for federal habeas relief on May 8, 2014, alleging that his plea was entered in violation of the Sixth Amendment of the United States Constitution in that his counsel was ineffective by failing to correctly advise him with regard to his parole eligibility for the I5-year enhanced sentence for committing a felony with a firearm. (ECF No. 2) Petitioner contends that he pled guilty based on the belief that he would only be required to serve one fourth of the 15-year sentence - or 3.75 additional years before becoming eligible for parole. In support of his claim of ineffective assistance of counsel, petitioner relies on the two letters from his attorney that are attached to his petition. (ECF No. 2, pp. 7-10)

## II. Discussion

**A. Limitations**

The Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. 104-132, 110 Stat. 1214 (1996), established a one year statute of limitations for federal habeas corpus petitions brought by state prisoners. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by

> the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

See 28 U.S.C. § 2244(d)(1) ("A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). *Walker v. Norris* 436 F.3d 1026, 1029 (C.A.8 (Ark.),2006)

Judgment was originally entered on November 12, 1999. (ECF No. 13-1). The Petitioner had 90 days from the date of entry of Judgment to bring any claim of ineffective assistance of counsel under Rule 37. (Ark. R. Crim. P. 37.2(c)). Since the Petitioner did not file a Rule 37 petition his judgment became final, for purposes of 2254, on November 12, 1999 and he had until November 12, 2000 to file his action under 2254. Since the Petitioner did not file his 2254 motion until 2014 his Petition is time barred unless he can take advantage of equitable tolling.

The U.S. Supreme Court has established that "federal habeas review of [defaulted] claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Turnage v. Fabian*, 606 F. 3d 933 C.A. 8 (Minn.) 2010.

A prisoner whose petition is belatedly filed may take advantage of equitable tolling where extraordinary circumstances beyond his control make it impossible for him to file a petition on time or when the action of the respondent lulled him into inaction. *Jihad v. Hvass*, 267 F.3d 803,

805 (8thCir. 2001). In general, neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. *Turner v. Johnson*, 177F.3d 390, 392 (5th Cir. 1999). See *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000, cert. denied, 534 U.S. 863 (2001) (equitable tolling not warranted in case of unrepresented prisoner alleging lack of legal knowledge or legal resources). In addition  "[i]neffective assistance of counsel generally does not warrant equitable tolling." *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir.2002).

The Petitioner contends that his attorney was ineffective because he gave him erroneous advice concerning his sentence because his attorney never advised him that the 15 year enhancement for commission of a felony with a firearm would be served at the same 70% requirement as the charge of Murder in the First Degree.

Under Arkansas law, at the time of the Petitioner's conviction in 1999, Murder in the First Degree is a Class Y Felony (Ark. Stat. 5-10-102 (c)) and as a result requires that the Petitioner serve 70% of any term of incarceration before parole. (Ark. Stat. 16-93-611).  The Petitioner pleaded guilty to Murder in the First Degree and his attorney properly advised him that he would serve 70% of his 20 year sentence. The Petitioner does not contest this sentence but the issue revolves around the 15 sentence he received for committing a felony with a firearm which was made consecutive to the Murder in the First Degree sentence. The Petitioner contends that he was never made aware by his attorney that the Firearm enhancement would be served at the 70% requirement and stated that he "plead expecting (1/4) at the letters" from his attorney stated.

It is clear that the Petitioner became aware that the Arkansas Department of Correction was treating the 15 year sentence as an enhancement of the 20 year sentence for Murder in the

First Degree shortly after he was sentenced because the Petitioner's attorney wrote to the Arkansas Department of Correction in January 2000. (ECF No. 2, p. 7).  In that letter the Petitioner's attorney states that "I have received a letter from Mr. Little which details that someone is telling him he will have to do 28 years before he is eligible for parole from your institution." (Id.).  He also states in the letter  "would you please have whoever rides herd over parole eligibility date to look into Mr. Little's situation and either write me a letter of give me a call so that I can satisfy Mr. Little that he is going to do something substantially less than 28 years and that my rough figuring of this deal of between 15 and 16 -1/2 years with credit for the time he was in the Washington County Jail is at least in the ballpark." (Id., p. 7).  In May 2008 the Petitioner's attorney makes it clear that he is computing the Petitioner's time to be 14 years on the First Degree Murder charge (70% x 20) and 3.75 years on the Felony with a Firearm charge. (25% x 15). (ECF No. 2).

 It is clear that as early as January 2000 the Petitioner was aware of his attorney's error and knew that the Arkansas Department of Correction was treating the Felony with a Firearm charge as an enhancement to the Murder in the First Degree charge and NOT as a separate offense. Even if the court agreed that the time between the date of plea and the time the Petitioner became aware of the claim the time period did not exceed 60 days and the Petitioner's claim is well outside the limitations period.

 The Petitioner did file a Petition for Declaratory Judgment/Petition for Writ of Mandamus in September 2006 alleging that the parole eligibility on the 15 year sentence for Using a Firearm in Commission of a Felony be calculated at 1/3 rather than 70%. (ECF No. 13-2, p. 7).  Because the deadline for filing Petitioner's federal petition passed on November 12, 2000 (or January

2001), his later filing for post-conviction relief in state court cannot act to toll the federal statute of limitations. *Painter*, 247 F.3d at 1256; *Curtiss v. Mount Pleasant Correctional Facility* 338 F.3d 851, 853 (C.A.8 (Iowa),2003).

Even, however, if the court were to consider the Petitioner's claim it is without merit

### B. Felon with a Firearm Charge

As noted above the Petitioner pleaded guilty to Murder in the First Degree and Using a Firearm in Commission of a Felony in 1999. (ECF no. 2, p. 12). The Amended Information filed by the State of Arkansas provided that:

> Defendant is hereby put on notice that the state request sentencing in this cause pursuant to Ark, Stat. §16-90-120, against the peace and dignity of the State of Arkansas. to wit: Any person convicted of an offense which is classified by the laws of this state as a felony who employed any firearm of any character as a means of committing the felony, may be I (sic) the discretion of the sentencing court, subjected to an additional period of confinement in the state penitentiary for a period not to exceed fifteen (15) years, against the peach and dignity of the State of Arkansas. (Id., p. 6-7).

Arkansas Code Annotated section 16-90-120 was originally enacted in 1969 and provided, in pertinent part as follows:

> (a) Any person convicted of any offense which is classified by the laws of this state as a felony who employed any firearm of any character as a means of committing or escaping from the felony, in the discretion of the sentencing court, may be subjected to an additional period of confinement in the state penitentiary for a period not to exceed fifteen (15) years.
> (b) The period of confinement, if any, imposed pursuant to this section shall be in addition to any fine or penalty provided by law as punishment for the felony itself. Any additional prison sentence imposed under the provisions of this section, if any, shall run consecutively and not concurrently with any period of confinement imposed for conviction of the felony itself. See Acts of Arkansas 1969, Act 78; *Watson v. State* 71 Ark. App. 52, 54, 26 S.W.3d 588, 589 - 590

(Ark.App.,2000).

There was no specific provision in the original Act that provided that any sentence received under 16-90-120 would be an "enhancement" to the underlying charge but the Arkansas courts have consistently held, in cases prior to and subsequent to the Petitioner's plea, that 16-90-120 is an enhancement provision (See *Van harris v. State, 297 Ark. 573, 576 (1989); Hagar v. State, 341 Ark. 633 (2000)*; *Watson v. State 71 Ark. App. 52* (2000); *Davis v. State*, 93 Ark. App. 443, 447 (2005)) and not a separate charge.

The Act was amended in 2007 to comply with prior case law and reflect specifically that enhancements for Murder in the First Degree would not be eligible for parole until 70% of their sentence had been served. (A.C.A. §16-90-120(e)(1)(A)(a)(I)). This Act, however, did nothing more than clarify the clear case law that 16-90-120 was an enhancement provision and not a separate criminal offense.

Accordingly, the decision of the Arkansas Department of Corrections to treat the Petitioner's 15 year sentence as an enhancement to his 20 year sentence for Murder in the First Degree is correct.

### III.  Conclusion

Based on the above, I recommend that the instant petition be **DISMISSED** because it was not timely filed and is otherwise without merit.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the**

**district court.**

Dated this 9th day of October 2014.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
Chief U.S. Magistrate Judge